WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trista di Genova-Chang, | No. CV-20-00141-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Doug Ducey, et al., | |
| Defendants. | |

On March 31, 2020, Plaintiff Trista di Genova-Chang, proceeding *pro se*, filed a Complaint (Doc. 1) and an Application to Proceed *in Forma Pauperis* (Doc. 2).

**I.     Application to Proceed *in Forma Pauperis***

In her Application to Proceed in District Court Without Prepaying Fees or Costs, Plaintiff avers under the penalty of perjury that she is unable to pay the costs of these proceedings. (Doc. 2.) Having reviewed Plaintiff's statement of income, expenditures, and assets, the Court finds good cause to grant Plaintiff leave to proceed *in forma pauperis*. The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**II.    Unsigned Complaint**

Plaintiff alleges in her Complaint and Request for Injunction that Defendants Arizona Governor Doug Ducey, the Pima County Department of Elections, and the Pima County Recorder's Office have violated numerous federal laws pertaining to elections and

public health by their handling of the coronavirus pandemic. (Doc. 1.)[1] Among other things, Plaintiff alleges that she is a candidate for local office who has been forced by Defendants' policies to file petitions and collect signatures in person rather than electronically, notwithstanding the public health crisis caused by COVID-19. (*Id.*) Plaintiff states that Defendant Ducey "should be held responsible for risking our health & safety" and that the results of the March 17, 2020 Arizona primaries should be declared null and void. (*Id.*) She asks this Court "to order the Office of Gov. Duc[]ey to pay the amount of his salary, plus the amount of all medical costs for Arizonans who contract Covid-19, including state officials; plus appropriate punitive damages for incompetence and willful neglect of our health and safety." *Id.*

Plaintiff's Complaint is pled on a form provided by the Court. (*Id.*) Page 6 of the form includes a section titled "Certification and Closing." This section asks litigants (or their attorneys, if applicable) to make certain certifications by signing and dating the form. In particular, a litigant must certify:

> "to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11 [of the Federal Rules of Civil Procedure]."

Plaintiff's Complaint (Doc. 1) is unsigned. Plaintiff's failure to sign violates Rule 11 of the Federal Rules of Civil Procedure, which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name— or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Plaintiff's

---

[1] In particular, Plaintiff names "42 U.S. Code Title 42 – The Public Health & Welfare; Chapter 2 Sanitation & Quarantine ( 81-114; Chapter 4 Viruses ( 141); Chapter 6A Public Health Service (201-300mm-61, Chapter 8B – Public Works or Facilities ( 1491); Chapter 21 Civil Rights; Civil Rights Acts, Voting Rights Act of 1965, Help America Vote Act 2002; National Voter Registration Act of 1993; Voting Accessibility for the Elderly and Handicapped of 1984." (Doc. 1 at 3) (sic).

1  failure to sign also violates Local Rule of Civil Procedure 7.1(b)(1), which requires among
2  other things that "[a]ll pleadings and other papers . . . shall be signed as provided in Rule
3  11 of the Federal Rules of Civil Procedure." LRCiv. 7.1(b)(1).

4        Because the Court cannot consider Plaintiff's unsigned Complaint, Plaintiff's
5  Complaint will be stricken. *See, e.g., West v. Hulbert*, No. 1:16-CV-00046-DAD, 2016 WL
6  2854416, at *1 (E.D. Cal. May 16, 2016) ("Because the Court cannot consider unsigned
7  filings, the complaint must be STRICKEN"); *Cox v. Astarita*, No. 2:18-CV-165-MO, 2018
8  WL 5017613, at *2 (D. Or. Oct. 16, 2018) ("Rule 11(a) requires that I strike
9  the unsigned Complaint."); *Anderson v. Krpan,* No. 1:14-CV-01380-AWWI, 2015 WL
10  402086, at *2 (E.D. Cal. Jan. 29, 2015) ("The Court cannot consider unsigned filings and
11  therefore, the first amended complaint shall be stricken from the record.")

12        Plaintiff's Complaint (Doc. 1) is stricken. Plaintiff must file a signed Complaint
13  within 30 days of the date this Order is filed.

14        Accordingly,

15        **IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without
16  Prepaying Fees or Costs (Doc. 2) is **granted**. Plaintiff may proceed *in forma pauperis* in
17  this action.

18        **IT IS FURTHER ORDERED** that Plaintiff's Complaint and Request for
19  Injunction (Doc. 1) is **stricken** from the record.

20  . . . .
21  . . . .
22  . . . .
23  . . . .
24  . . . .
25  . . . .
26  . . . .
27  . . . .
28  . . . .

**IT IS FURTHER ORDERED** that Plaintiff has **30 days** from the date of this Order to file a signed Complaint. **If Plaintiff fails to file a signed Complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action.**

**Dated this 18th day of May, 2020.**

_____
Honorable Rosemary Márquez
United States District Judge