**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trista di Genova-Chang, | No. CV-20-00141-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Doug Ducey, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Judicial Relief. (Doc. 8.) For the following reasons, the Motion will be denied.

**I.      Background**

Plaintiff Trista di Genova-Chang, a candidate for local office proceeding *pro se*, filed a Complaint on March 31, 2020, alleging that Defendants Arizona Governor Doug Ducey, the Pima County Department of Elections, and the Pima County Recorder's Office violated several federal laws governing public health, civil rights, and elections. (Doc. 1 at 3.) Specifically, Plaintiff alleged that Defendants' policies forced her to collect signatures and file petitions in person, thereby posing a serious risk to her health during the ongoing COVID-19 pandemic. (*Id.* at 4–5.) Plaintiff asked this Court "to order the Office of Gov. Duc[]ey to pay the amount of his salary, plus the amount of all medical costs for Arizonans who contract Covid-19, including state officials; plus appropriate punitive damages for incompetence and willful neglect of our health and safety." (*Id.* at 6.)

On May 18, 2020, the Court issued an Order striking Plaintiff's Complaint from the

docket because Plaintiff had failed to sign the Complaint, thus violating Federal Rule of Civil Procedure 11(a) and Local Rule of Civil Procedure 7.1(b)(1), which require *pro se* litigants to sign every pleading, motion, or other paper. (Doc. 6 at 2–3.) The Court explained that it cannot consider an unsigned complaint, and it gave Plaintiff 30 days to file a signed complaint. (*Id.* at 3–4.) The Court directed the Clerk of Court to enter a judgment of dismissal if Plaintiff failed to file a signed complaint within 30 days. (*Id.* at 4.) Plaintiff did not file a signed complaint within 30 days of the Court's Order, and the Clerk of Court accordingly entered a judgment of dismissal on July 7, 2020. (Doc. 7.)

On February 17, 2021, the Clerk of the Court received Plaintiff's instant Motion for Judicial Relief, which consists of a letter accompanied by a copy of Plaintiff's Complaint containing handwritten changes. (Doc. 8.) Plaintiff states that her Motion "is a continuation of [her] complaint and request for relief from the Courts." (*Id.* at 1.) It appears Plaintiff is attempting to amend her Complaint to include "Donald J. Trump Administration, Family & Associates" as additional defendants; to allege violations of additional federal statutes[1]; and to ask the Court to render Governor Ducey, former President Donald Trump, and former Vice President Michael Pence ineligible to run for office in the future on the grounds that they "committed crimes against humanity & atrocities whilst in power." (*Id.* at 1, 3–4.) While the proposed amended Complaint attached to the Motion appears to have been signed by Plaintiff on June 1, 2020 (*id.* at 7), it was not received by the Clerk of Court until February 17, 2021 (*id.* at 1).

**II.** **Discussion**

This case is closed, and judgment has been entered; accordingly, Plaintiff is not permitted to file an amended complaint in this case unless she first establishes grounds for re-opening the case. A court may recharacterize a *pro se* motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal

---

[1] Specifically, in addition to the original allegations, Plaintiff alleges violations of "25th Amendment + Domestic Terrorism + (18 USC § 2331) + TREASON (18 USC § 2381) + 18 Code Chapter 115 (Seditious Conspiracy) + 18 USC § 201(b) BRIBERY + RICO (CHAPTER 96) 18 USC + FRAUD (18 USC § 1001) + Public Corruption Breach of Public Trust." (Doc. 8 at 4.)

- 2 -

basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003); *see also United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990) (per curiam). Plaintiff's Motion could be construed as a motion for reconsideration of the Court's May 18, 2020 Order; a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60, or a motion to alter or amend a judgment under Rule 59. No matter how the Motion is characterized, however, Plaintiff is not entitled to relief.

If the Motion is characterized as a motion for reconsideration, Local Rule of Civil Procedure 7.2(g) applies. Rule 7.2(g) requires any motion for reconsideration to be filed within 14 days of the filing of the Order that is the subject of the motion, absent good cause shown. LRCiv 7.2(g)(2). Furthermore, a motion for reconsideration will ordinarily be denied absent "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). The Clerk of Court did not receive Plaintiff's Motion within 14 days of the filing of the Court's May 18, 2020 Order, and Plaintiff has made no attempt to show good cause for the delay. Moreover, Plaintiff has not made any allegations of manifest error, new facts, or new law that would justify reconsideration of the Court's Order.

Alternatively, if Plaintiff's Motion is construed as a motion for relief from a judgment or order, Federal Rule of Civil Procedure 60 governs. Relief under Rule 60(b) is available based on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [of the Federal Rules of Civil Procedure];
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;

        or
        (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff has not identified any permissible grounds upon which the Court could grant relief under Rule 60(b).[2]

    Finally, if Plaintiff's Motion is construed as a motion to alter or amend judgment, Federal Rule of Civil Procedure 59(e) applies. A motion under Rule 59(e) must be filed within 28 days from the entry of the judgment. Fed. R. Civ. P. 59(e). Furthermore, a Rule 59 motion should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal quotation marks omitted). Plaintiff's Motion is untimely under Rule 59(e), and Plaintiff does not attempt to demonstrate any newly discovered evidence, error, or intervening change in law that would entitle her to relief under Rule 59.

    Accordingly,

    **IT IS ORDERED** that Plaintiff Trista di Genova-Chang's Motion for Judicial Relief (Doc. 8) is **denied**.

    Dated this 12th day of April, 2021.

                                               Honorable Rosemary Márquez
                                               United States District Judge

---

[2] A party must file a Rule 60 motion within "a reasonable time." Fed. R. Civ. P. 60(c)(1). If the motion is made based on allegations of a mistake, newly discovered evidence, or fraud, the party must file within one year from the date of judgment. *Id.* Without any discernable basis for a motion for relief from judgment, the Court cannot definitively state what would have been a reasonable time period within which Plaintiff should have filed a Rule 60 motion.